<div style="float:right; text-align:center;">
NEW-YORK,<br/>
May, 1830.<br/>
Ames<br/>
v.<br/>
West.
</div>

---

---

### AMES *vs.* WEST.

*Double* replications or rejoinders cannot be interposed but by leave of the court obtained on *special application.*

DOUBLE replication. To a plea of set off the plaintiff replied, 1. *Nil debet;* 2. The statute of limitations, alleging

NEW-YORK.
May, 1830.
The People
v.
Onondaga
C. P.

the second plea to be interposed *by leave of the court* first had and obtained. On an affidavit that no rule had been received allowing a *double* replication, the defendant moved that one of the replications be stricken out. The plaintiff shewed it was important to his rights that he should be allowed to retain both replications.

*Kellogg & Sandford*, for defendant.

*B. Davis Noxon*, for plaintiff.

*By the Court*, MARCY, J. By the revised statutes courts are authorized to allow *double* replications or rejoinders whenever it shall become necessary for the attainment of justice, on *special application* made to them by the party desiring so to plead. (2 R. S. 356, § 27.) The practice under the statute allowing *double pleas* as well here as in England, has been to permit parties to put in such pleas, although *actual leave* was not obtained. It seems, however, that the legislature intended a distinction should be observed between *pleas* and *replications*, &c. As to *pleas*, it is left to the discretion of the party, subject to the power of the court to compel him to elect where he pleads inconsistent pleas ; but as to the subsequent pleadings, they are to be interposed only when allowed by the court on special application. (2 R. S. 352, § 9, and 356, § 27.) The double replications, therefore, in this case were improperly interposed without the previous leave of the court obtained ; but inasmuch as the plaintiff now shews a necessity for thus pleading, the replications are permitted to stand upon payment of the costs of this motion.